Filed 3/9/16  Jonathan H. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JONATHAN H.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF TUOLOMUNE COUNTY,<br><br>Respondent;<br><br>TUOLUMNE COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Real Party in Interest. | F072817<br><br>(Tuolumne Super. Ct. No. JV7524)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Donald I. Segerstrom, Jr., Judge.

Jonathan H., in pro. per., for Petitioner.

No appearance for Respondent.

Sara J. Carrillo, County Counsel, and Cody M. Nesper, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Peña, J.

Jonathan H. (father), in propria persona, seeks extraordinary writ review of the juvenile court's orders issued at a contested 12-month review hearing (Welf. & Inst. Code, § 366.21, subd. (f))[1] terminating his reunification services and setting a section 366.26 hearing as to his five-year-old son, Samuel. We deny the petition.

**PROCEDURAL AND FACTUAL SUMMARY**

In September 2014, the Tuolumne County Department of Social Services (department) took then four-year-old Samuel into protective custody after discovering that his mother, Barbara (hereafter "the mother"), and father used methamphetamine while caring for him. Samuel has Autism Spectrum Disorder. The department placed him in a foster home.

The juvenile court exercised its dependency jurisdiction over Samuel at a dispositional hearing in December 2014 and ordered father and mother to complete a parenting class and the Dependency Drug Court substance abuse treatment (DDC) program. The court set the six-month review hearing for May 2015. In the interim, mother waived her right to reunification services.

In February 2015, father obtained a medical marijuana recommendation against the juvenile court's advice and was terminated from the DDC program. The juvenile court ordered a new reunification plan for him which required him to complete a parenting class, a psychological evaluation, a psychotropic medication evaluation and a domestic violence program, submit to random drug testing, participate in individual substance abuse counseling and attend three 12-step meetings each week.

In its report for the six-month review hearing, the department informed the juvenile court that father made minimal progress. He was unable to take care of himself and blamed others for his actions. As an example, he physically attacked the mother and

---

[1] All statutory references are to the Welfare and Institutions Code.

blamed her for the attack as well as his arrest and conviction for battery. He also blamed her for "making" him forge his 12-Step signature cards and blamed the department for expecting him to engage in services "immediately." The department opined that father's prospect for reunifying with Samuel was bleak but recommended the juvenile court continue reunification services for him to the 12-month review hearing because the statute required it.

In May 2015, the juvenile court conducted the six-month review hearing and continued reunification services to the 12-month review hearing which the court set for November 2015.

In its report for the 12-month review hearing, the department recommended the juvenile court terminate father's reunification services. The department reported that father had not made any progress in his court-ordered services in the six months since the last hearing. He failed to attend 12-step meetings and parenting classes, depended on others for finances, housing and transportation and took no responsibility for himself. In addition, he had been diagnosed with bipolar disorder and antisocial personality disorder. Given his lack of progress and mental health disorders, the department did not believe father was able to consistently and effectively parent Samuel.

On the date set for the 12-month review hearing, father's attorney requested a contested hearing on the department's recommendation to terminate reunification services. The juvenile court set a contested hearing for late November 2015. In the meantime, mother's attorney filed a section 388 petition asking the juvenile court to order reunification services for her. The court denied the petition.

Father testified at the contested 12-month review hearing that he was living with his girlfriend and looking for a job. He said he had tried very hard to complete his services and believed he had made a lot of progress, pointing out that he was homeless and using methamphetamine when Samuel was removed. He believed he would continue

3

to benefit from services and said he would do whatever it took to regain custody of Samuel.

Father testified on cross-examination he attended only two parenting sessions because he thought it would be detrimental to apply parenting techniques designed for non-autistic children to an autistic child. He said he attended 12-step meetings as long as he was able to find transportation. He did not have a sponsor. He was attending domestic violence classes, regularly visiting Samuel and complying with his substance abuse service requirements.

At the conclusion of the hearing, the juvenile court found it would be detrimental to return Samuel to father's custody. The court also found that the department provided father reasonable services but that there was not a substantial probability Samuel could be returned to his custody if the court continued services to the 18-month review hearing. The court terminated father's reunification services and set a section 366.26 hearing.

This petition ensued.

## DISCUSSION

Father contends the juvenile court erred in terminating his reunification services. He supports his contention by stating, "There was substantial compliance with the [court-ordered] services and the balance of the services could be completed within [six] months." Father does not, however, develop his argument by citation to legal authority and to the record as required by California Rules of Court, rule 8.452 which governs the content requirements for an extraordinary writ petition. Nevertheless, we will liberally construe a petition in favor of finding it adequate for review. (Cal. Rules of Court, rule 8.452(a)(1).) In this case, we construe the petition as challenging the sufficiency of the evidence to support the juvenile court's finding there was not a substantial probability Samuel could be returned to father's custody following an additional period of reunification services.

4

When the juvenile court determines at the 12-month review hearing, as occurred in this case, that it would be detrimental to return a child to parental custody, the juvenile court has little choice but to terminate reunification services unless it finds there is a substantial probability the child could be returned on or before the 18-month review hearing. (§ 366.21, subd. (f).) In this case, the juvenile court would have set the 18-month review hearing in early April 2016.

In order to find a substantial probability of return, the juvenile court must find all of the following: (1) the parent consistently and regularly contacted and visited the child; (2) the parent made significant progress in resolving the problems that led to the child's removal; and (3) the parent has demonstrated the capacity and ability to complete the objectives of his or her treatment plan and provide for the child's safety, protection and physical and emotional well-being. (§ 366.21, subd. (g)(1).)

The juvenile court found that father regularly contacted and visited Samuel but the court could not make the other two required findings given father's conduct during the prior 12 months. Specifically, the court cited the fact that father got a medical marijuana card even though the court told him not to get one. The court asked rhetorically, "[W]hy should I have any confidence that he will follow my orders now?" The court also cited father's propensity for excusing his own failure to comply, stating, "[H]e's got every excuse on the planet and he will continue to have every excuse on the planet." The court simply had no confidence that father would comply with its orders.

On a challenge to the juvenile court's finding there is not a substantial probability of return (hereafter "probability of return finding"), we determine whether substantial evidence supports the finding. In so doing, we do not reweigh the evidence or exercise independent judgment. Rather, we "'merely determine if there are sufficient facts to support the findings of the [juvenile court].'" (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 689.)

5

We conclude substantial evidence supports the juvenile court's probability of return finding in light of father's refusal to comply with the court's orders.  Thus, we affirm the juvenile court's orders terminating father's reunification services and setting a section 366.26 hearing and deny the petition.

## DISPOSITION

The petition for extraordinary writ is denied.  This opinion is final forthwith as to this court.